[Civil No. 898.   Filed March 30, 1906.]

[84 Pac. 906.]

MARTIN COSTELLO, Plaintiff and Appellant, v. JOSEPH MUHEIM, Defendant and Appellee.

1. MINES AND MINING — ADVERSE POSSESSION — EVIDENCE. — Actual, visible, and continuous possession of a mine may not be held to have been initiated and maintained by one who sinks deeper by six or ten feet a shaft of unstated depth already existing thereon, and thereafter does no other act upon the property for a period of seven years, in the absence of proof that this act would naturally attract attention of the owner should he visit the premises.

2. SAME—SUFFICIENCY.—Hostile acts relied upon to initiate adverse possession to real estate must be such as to carry with them a presumption that they would be observed by the owner, were he to visit the premises.

3. STATUTES—INTERPRETATION.—When prior to its adoption a statute has received an interpretation by the court of last resort of the

state from which it was adopted, such interpretation is adopted with the statute.

4. QUIETING TITLE—POSSESSION.—An action to quiet title does not lose its equitable features by reason of the fact that by statute its procedure has been somewhat modified and its scope enlarged, so as to permit it to be pursued by a plaintiff out of possession.

5. EQUITY—LACHES.—Where an equitable action is brought within the statutory time for the analogous action at law, if it does not so appear on the face of the bill, the defendant must show by his answer that extraordinary circumstances exist which require the application of the doctrine of laches.

6. QUIETING TITLE—LACHES.—In a suit to quiet title, plaintiff is not guilty of laches as against a defendant who has been in possession for less than three years, where the only grounds for urging laches are that the plaintiff has failed to pay his taxes, or list his property for taxation, for a period of eleven years, and that the defendant, holding a void tax-deed to the property in question, has paid the taxes during the eleven years, and has within three years expended seven hundred and eighty dollars in improvements.

(Syllabus by the Court.)

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

Statement of facts:—

Action by Martin Costello against Joseph Muheim to quiet title to a patented mining claim. From a judgment for defendant, plaintiff has appealed. Reversed.

James Reilly, (Ben Goodrich, of Counsel), for Appellant.

Miller & English, for Appellee.

It is conceded that to constitute adverse possession there are five essential elements: 1. The possession must be hostile and under a claim of right; 2. It must be actual; 3. It must be notorious; 4. It must be exclusive; and 5. It must be continuous.

In determining, however, whether possession is adverse the circumstances of each particular case require careful consideration. To constitute adverse possession, containing all the elements of adverse possession, it is not necessary there should be a fence, building, or other improvements made, or

residence upon the land. *Ewing* v. *Burnet,* 11 Pet. 41, 9 L. Ed. 624; *Ellicott* v. *Pearl,* 10 Pet. 412, 9 L. Ed. 475.

In the case last cited the court says: "The erection of a fence is nothing more than an act evincing an intention to assert an ownership and possession over the property. But there are many other acts which are equally evincive of such intention and of asserting such ownership and possession."

Any act evincive of such an intention is as much evidence of an assertion of ownership and possession as would be the erection of a building or fence upon the premises.

In *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 442, 12 Sup. Ct. 239, 35 L. Ed. 1073, the court says: "In *Ewing* v. *Burnet,* 11 Pet. 41, [9 L. Ed. 624], it was held that neither actual occupancy, nor cultivation, nor residence was necessary to constitute actual possession; that where the property is so situated as not to admit of any personal useful improvements, and the claim of the party has been evidenced by public acts of ownership, such as he would exercise over other property which he claimed in his own right, and would not exercise over property which he did not claim, such possession will create a bar under the statutes of limitations; that what acts may or may not constitute a possession are necessarily varied, and depend to some extent upon the nature, locality, and use to which the property may be applied, the situation of the parties, and a variety of circumstances which have necessarily to be taken into consideration in determining the question."

In the case at bar payment by the defendant and his grantor of taxes for about eleven years prior to the commencement of this action is strong evidence of a claim of title, and the failure of the plaintiff to make claim to the land or to pay the taxes themselves, is some evidence of abandonment of any right in or claim to the property, and the payment of these taxes is some evidence that the possession was under claim of right and was adverse. *Ewing* v. *Burnet, supra; Holtzman* v. *Douglas,* 168 U. S. 284, 18 Sup. Ct. 65, 42 L. Ed. 468; *Fletcher* v. *Fuller,* 120 U. S. 534, 7 Sup. Ct. 667, 30 L. Ed. 759; *Harris* v. *McGovern,* 99 U. S. 167, 25 L. Ed. 319.

The defendant's grantor not only paid the taxes, but asserted dominion over the land by sinking a shaft thereon and by a conveyance of the land to the defendant. Again these

acts of ownership were asserted under a deed duly recorded. Possession under a deed duly recorded is sufficient notice of a claim of right to make such possession adverse. *Forest* v. *Jackson*, 56 N. H. 357; *Bracken* v. *Jones*, 63 Tex. 184.

In legal effect, this is an action to set aside as voidable an execution sale of land made in the year 1892, some eleven years prior to the commencement of this action. No excuse for this delay is pleaded by the plaintiff, and this of itself is sufficient to bar the plaintiff from any relief. *Marsh* v. *Whitmore*, 21 Wall. 185, 22 L. Ed. 485; *Badger* v. *Badger*, 2 Wall. 87, 17 L. Ed. 836; *Richards* v. *Mackall*, 124 U. S. 187, 8 Sup. Ct. 437, 31 L. Ed. 399; *Pearsall* v. *Smith*, 149 U. S. 237, 13 Sup. Ct. 833, 37 L. Ed. 717; *Parker* v. *Dacres*, 130 U. S. 50, 9 Sup. Ct. 433, 32 L. Ed. 851; *Alsop* v. *Riker*, 155 U. S. 461, 15 Sup. Ct. 162, 39 L. Ed. 223; *Abraham* v. *Ordway*, 158 U. S. 421, 15 Sup. Ct. 894, 39 L. Ed. 1039; *Cornell* v. *Green*, 43 Fed. 109; *Vanvleet* v. *Sledge*, 45 Fed. 784; *McMonagle* v. *McGlinn*, 85 Fed. 92; *Rhino* v. *Emery*, 65 Fed. 836; *Halsey* v. *Cheney*, 68 Fed. 768, 15 C. C. A. 656; *Caulk* v. *Pace*, 53 Fed. 714, 3 C. C. A. 631; *Billing* v. *Gilmer*, 60 Fed. 337, 8 C. C. A. 645; *Hanner* v. *Moulton*, 138 U. S. 495, 11 Sup. Ct. 408, 34 L. Ed. 1036; *Underwood* v. *Dugan*, 139 U. S. 383, 11 Sup. Ct. 618, 35 L. Ed. 198.

NAVE, J.—Appellant brought suit under the statute to quiet title to the Hidden Treasure patented mining claim. The defendant pleaded the bar of the following statute of limitations: ''Every suit instituted to recover real property as against any person having peaceable and adverse possession thereof, cultivating, using and enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly recorded, shall be instituted within five years next after the cause of action shall have accrued, and not afterwards.'' Part of par. 2937, Rev. Stats. 1901. The facts in the case are as follows: On December 9, 1886, by its patent, the United States conveyed the Hidden Treasure mine to William M. Bennett and J. G. Woods. In the month of June, 1903, a few days prior to the institution of this suit, the patentees conveyed the mine to plaintiff. In the year 1892 A. H. Emanuel, defendant's grantor, purchased this property at tax-sale. On June 1, 1893, after the expiration of the period

of redemption, Emanuel obtained the tax-sale deed therefor and recorded the same on August 24, 1893. He paid the taxes on the property for each year after his purchase until he conveyed it to the defendant in the year 1900. Since this time the defendant has paid the taxes. Neither plaintiff nor plaintiff's grantors paid the taxes on this property, or listed it for taxation, at any time since the year 1892. After the purchase by him at the tax-sale, and either before or after the delivery of the deed, Emanuel sunk deeper, by six or ten feet, at an expense of eighty dollars, a shaft already on the ground. This was done not later than the year 1893. He performed no other act of ownership upon the property, with the exception of the payment of the taxes thereon. Defendant, after purchasing the property in the year 1900, during the month of August, sunk and timbered a new shaft upon it, forty-four feet deep, at an expense of seven hundred and eighty dollars. He has performed no other work upon it; but since his purchase has visited it frequently and "looked over it." Upon these facts the trial court found "that ever since the year 1893 the defendant and his grantor have been in the peaceable, adverse possession of the Hidden Treasure mine, using and enjoying same and paying taxes thereon and claiming same, under deed duly recorded in the office of the recorder of Cochise County," and concluded, therefore, that plaintiff's cause of action is barred by the statute as pleaded. The court found, also, "that the grantors of plaintiff were guilty of gross laches in the premises in not paying the taxes due on said Hidden Treasure mine for more than ten years, and making no effort to see if the taxes, or any taxes, were due thereon, and in failing to list said property for taxes, and in failing to assert ownership of the property, for more than 10 years, while said property was in the possession of the adverse claimant, and permitting the purchaser, from the grantee in the tax-deed, to make valuable improvements thereon without notice of adverse claim on the part of said grantors of plaintiff." Upon these findings plaintiff, appealing, predicates error. He urges, also, that the trial court erred in admitting in evidence the tax-deed to defendant's grantor, on the ground that it is void on its face. Without setting forth the deed or discussing the point at length, it is sufficient to observe that in our opinion the deed complies with the

provisions of paragraph 2701 of the Revised Statutes of Arizona of 1887, in force at the time of the execution thereof, and is not void upon its face. We are not called upon to determine whether it is void in fact. From the answer it is apparent that the deed was not relied upon by defendant as a muniment of title sufficient in itself. It appears from the record that the trial proceeded upon the assumption that it was in fact void. Argument in this court has proceeded upon the same assumption. Therefore we shall likewise assume that the deed, while valid upon its face, is void in fact.

The appellant presents two points of objection to the court's finding as to adverse possession: The first is that it cannot be determined from the testimony whether Emanuel sunk deeper the old shaft on the property before or after the delivery of the tax-deed, and that, if he did so before the expiration of the period of redemption from the tax-sale, he was a mere trespasser, and could not thereby initiate adverse possession. We do not deem it necessary to consider the question thus raised in view of our conclusion upon the second point of objection,—to wit, the objection that, in any view, Emanuel was not in adverse possession. By paragraph 2944 of the Revised Statutes of 1901 adverse possession is defined to be "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." It is to be observed that the only act of ownership exercised by Emanuel upon the property consisted in sinking to a greater depth, by six or ten feet, a shaft already in the ground, and that a period of seven years then elapsed, during which the claim lay untouched and unvisited, until defendant purchased it from Emanuel.

The appellee, to support the court's finding, cites a number of decisions of the supreme court of the United States. The scope of the cited cases is quite fully covered by the following quotation from the opinion of that court in *Simmons Creek Coal Company* v. *Doran*, 142 U. S. 442, 12 Sup. Ct. 248, 35 L. Ed. 1063: "In *Ewing* v. *Burnet*, 11 Pet. 41, 9 L. Ed. 624, it was held that neither actual occupancy, nor cultivation, nor residence was necessary to constitute actual possession; that where the property is so situated as not to admit of any permanent useful improvements, and the

continued claim of the party has been evidenced by public acts of ownership such as he would exercise over property which he claimed in his own right and would not exercise over property he did not claim, such possession will create a bar under the statutes of limitations; that what acts may or may not constitute a possession are necessarily varied and depend to some extent upon the nature, locality, and use to which the property may be applied, the situation of the parties, and a variety of circumstances which have necessarily to be taken into consideration in determining the question.'' These expressions lay down a well-founded general rule, but do not seem to us to sustain the contention that both ''actual'' and ''visible'' appropriation of the land is ''commenced and continued'' by the act of sinking deeper, from six to ten feet, a shaft already on a mining claim followed by no other act on the premises for seven years. We will not undertake to say how much further the adverse claimant should have gone to make good his appropriation, but we cannot assume that the addition of a few feet to a shaft of unstated depth, and the probable consequential addition of a little ore and waste to a dump, followed by no other disturbance of the situation for seven years, would be observed by any other than the most critically observant. There is no testimony tending to show that the work so done was such as to attract the attention of the owner, even though he were looking over the claim with a view of discovering evidences of acts of a possible adverse claimant. We are not to be understood as holding that the quantity of work done is the standard, or that hostile acts must be renewed or repeated, in order to initiate and maintain adverse possession. But we hold that the hostile acts relied upon must be such as to carry with them a presumption that they would be observed by the owner, were he to visit the premises. If a mere statement of the acts does not show that they are such, the conditions should be shown which tend to prove them such. We adopted the statute in question from the statutes of Texas. Prior to its adoption it had been interpreted by the court of last resort of that state as requiring one relying upon it to show ''such open, notorious and visible occupation as would constitute that adverse possession, use or enjoyment by which the presumption of notice and acquiescence upon

the part of the true owner would arise to bar his right.''
*Stegall* v. *Huff*, 54 Tex. 197.   We adopted this interpretation
with the statute.

Appellant presents, further, that the court erred in holding
him to be estopped by laches from pursuing this action.
He contends—1. That this action, being brought under a
statute prescribing its form and scope, is not an action in
equity, and therefore that laches cannot be invoked by defend-
ant; 2. That if plaintiff's laches is a defense in this action,
it must be pleaded in the answer; and 3. That if these two
points are not well taken, that the facts do not support the
finding that the plaintiff is guilty of laches.   We do not
think it necessarily follows from the fact that by our statute
the scope of the action to quiet title has been enlarged
to permit it to be pursued by a plaintiff out of possession
and its procedure somewhat modified that the action has
thereby lost its equitable features.   Therefore the first
point of objection to this finding is not well taken.   As to
the second point, we think we may with propriety apply the
rule laid down by the circuit court of appeals, eighth circuit,
in *Boynton* v. *Haggart*, 120 Fed. 830, 57 C. C. A. 312, as
follows: ''While courts of equity are not bound by, they
ordinarily act or refuse to act in analogy to, the statutes
of limitations relating to actions at law of like char-
acter.   When a suit is brought after the time fixed by the
analogous statute, the burden is on the complainant to plead
and prove that it would be inequitable to apply it to his
case, and when a suit is brought within the statutory time
for the analogous action at law the burden is on the defend-
ant to show, either from the face of the bill or by his answer,
that extraordinary circumstances exist which require the
immediate application of the doctrine of laches.''   Under
the view we have expressed as to the facts in this case, pos-
session of the property  in question, adverse to the plaintiff,
had not been initiated prior to the month of August, 1900,
at which time the defendant sunk upon the property and
timbered a new shaft forty-four feet deep.   This was less
than three years prior to the institution of this suit.   The
suit was brought within the statutory time for the analogous
action at law, and, since they did not appear on the face of
the complaint, the defendant should have pleaded the facts

which tend to show that the plaintiff ought not, in equity, be allowed to maintain the action, if such facts exist.

Furthermore, we concur with the appellant's contention that the facts, as they appear in this record, do not show him to be guilty of laches. To hold, in an action to quiet title, that the plaintiff may not recover against a defendant who has been in possession for less than three years, for no other reason than that the plaintiff has failed to pay his taxes, or list his property for taxation, for a period of eleven years, while the defendant, holding a void tax-deed to the property, has paid the taxes during the eleven years, and has, within three years, expended seven hundred and eighty dollars in improvements, extends the doctrine of laches to a degree not supported by any precedent cited to us. We are unwilling so to extend it. Plaintiff is not precluded by laches from maintaining this suit, unless by reason of his course defendant has been misled to his injury, or the property has, at defendant's risk and expense, been greatly enhanced in value while plaintiff lay by awaiting the turn of events to assert his claim, or unless some other facts exist, not now disclosed in this record, showing inequity in the plaintiff's position. The case of *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 587, 23 L. Ed. 328, is illustrative.

By reason of these errors the judgment is reversed and the cause remanded for new trial.

KENT, C. J., SLOAN, J., and CAMPBELL, J., concur.