[Civil No. 1685.   Filed June 4, 1919.]

[181 Pac. 190.]

## SPRINGFIELD FIRE & MARINE INSURANCE COMPANY OF SPRINGFIELD, MASSACHUSETTS, Appellant, v. S. J. GOODGAME and MRS. ANNA L. BLACKBURN, Appellees.

1. INSURANCE — FIRE INSURANCE — PENALTY FOR NONPAYMENT — AMOUNT OF RECOVERY.—Revised Statutes of Arizona of 1913, paragraph 3441, making fire insurance company, upon failure to pay loss within specified time upon demand therefor, liable for fifteen per cent penalty and attorneys' fees, does not require insured to recover the exact sum demanded and sued for to entitle him to penalty and attorneys' fees; recovery of ascertained loss being sufficient.

2. INSURANCE—FIRE INSURANCE—NOTICE OF LOSS—PROOF OF LOSS— WAIVER.—Where insurer, shortly after fire, sent special adjuster to investigate every detail of fire, who fully examined insured, reducing answers to writing and requiring insured to sign name under oath thereto, insured's failure to give written notice of loss, and furnish proofs of loss as required by policy, was not fatal, where he made repeated demands upon insurer for payment of loss, though the writing signed stated that insurer did not waive compliance with policy.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—In action on fire policy, denial of new trial on ground of alleged newly discovered evidence of insured's statement as to quantity of goods destroyed was not abuse of discretion, where such evidence would merely contradict other statements made by insured at other times and places as to amount of goods destroyed.

[As to waiver, see note in 23 Am. St. Rep. 262.]

APPEAL from a judgment of the Superior Court of the county of Maricopa.   R. C. Stanford, Judge.   Affirmed.

Mr. G. P. Bullard (Mr. W. W. Hindman, on the Briefs), for Appellant.

Mr. Richard E. Sloan, Mr. E. G. Scott and Mr. C. R. Holton, for Appellees.

CUNNINGHAM, C. J.—On the seventeenth day of December, 1917, the appellant issued its insurance policy to S. J.

Goodgame, one of the appellees, by which the appellant insured against loss by fire 17,612 pounds of seed cotton belonging to said Goodgame for a period of 48 days, in the sum of $4,403. The premium, amounting to the sum of $75.97, was duly paid. The other appellee, Mrs. Anna Blackburn, is made a party because of her interest as mortgagee of the said cotton to secure the payment of a note in the sum of $3,250, of which note and mortgage the appellant is charged with notice.

On December 20, 1917, the said cotton so insured was totally destroyed by fire, through no fault of the insured. The insurer appellant denied the amount and the value of the cotton destroyed, and denied that proof of loss had been made as required by the policy. The insured and mortgagee, the appellees, commenced this action on their policy, alleging the loss, proof of loss, demand for payment, and neglect and refusal of payment.

The trial resulted in a verdict for the plaintiffs for the sum of $3,350. The court gave judgment on the verdict for said sum, and in addition, on the authority of a stipulation, gave judgment for fifteen per cent penalty, and a further sum of $400 as attorney's fees. From an order refusing a new trial, and from the judgment, the defendant appeals.

The appellant complains of the penalty and of the attorney's fees granted the plaintiffs, for the reason, it alleges, that such items can be recovered only when the plaintiffs, after demand therefor, recover in an action the full amount of the claim sued for, and that plaintiffs recovered here only $3,300, $260.46 less than the amount sued for; that the court erred in refusing to instruct the jury to return a verdict for the defendant, for the reason that no proof of loss or demand, as required by said policy, was made by the insured; that an instruction given was erroneous for certain stated reasons; and that the court erred in refusing a new trial for all of the reasons given, and for the further reason that the showing made of evidence newly discovered entitled defendant to a new trial.

The matters of the amount of the attorney's fees and the amount of damages were disposed of by stipulation of the parties, and withheld from the jury's consideration. We are concerned here only with the question of authority to recover attorney's fees and damages at all, notwithstanding para-

graph 3441, Revised Statutes of Arizona of 1913, granting such right. Said paragraph is as follows:

"In all cases where a loss occurs and the fire insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 15 per cent. damages on the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss."

Thus the statute gives the insured the right to recover the 15 per cent and attorney's fees wherever a loss has occurred and the company has failed to pay the loss within the time specified in the policy, after demand made therefor, and, if the necessity arises for the insured to prosecute the collection of such loss, then a reasonable attorney's fee may be recovered. The appellant, in its two assignments, contends that the insured cannot recover the penalty or the attorney's fees, unless the plaintiff insured first demands a specific sum, sues to recover the exact sum demanded, and at the trial recovers the exact amount demanded and sued for. The statute (paragraph 3441) will not bear such interpretation. A slight mistake would become disastrous to the insured, if such strictness were made necessary. The ascertained loss under the policy is all the statute requires to give the insured a right to recover the penalty after demand and failure of the insurer to pay the *loss* within the time it reserved for payment in the policy.

The appellant cites cases which seem to support the position taken by it. *Pacific Mutual Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 385, 124 S. W. 764, is relied upon particularly, and quoted from extensively. It seems that the court disallowed a recovery for the penalty and for the attorney's fees, both of which are given by statute worded similarly to ours. This resulted because the plaintiff demanded an excessive amount. Said the court:

"The penalty and attorney's fee is for the benefit of the one who is only seeking to recover, after demand, what is due under the terms of his contract, and who is compelled to resort to the courts to obtain it."

I see no cause to criticise such statement, but that was said in a case where the plaintiff's demand was for payment in excess of his right to demand, and evidently the insurer re-

fused payment of the excess demanded. We have had occasion heretofore, in *Germania Fire Ins. Co.* v. *Bally,* 19 Ariz. 580, 1 A. L. R. 488, 173 Pac. 1052, to consider paragraph 3441, *supra,* and will not further discuss the questions there determined. Appellant's two said assignments are overruled, as without merit.

The third assignment of error attacks the order refusing to instruct the jury to return a verdict for the defendant. The appellant contends that this instruction should have been given as requested, for the reason that the plaintiff wholly failed to prove by competent evidence that notice of loss was given, or that demand for payment of the loss was made as required by the policy.

The policy in suit requires the insured, if fire occurs, to give immediate notice in writing of any loss thereby, and within 60 days after the fire, unless such time is extended in writing by the company, a signed and sworn statement detailing facts and opinions of the insured with reference to the fire and to the loss thereby. The sum for which the company is liable, the loss sustained under the policy, "shall be payable sixty days after due notice . . . and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy," and that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court . . . until after full compliance by the insured with all the foregoing requirements."

Immediate notice of the fire and notice of loss of insured property must be given the company, and proof of loss must be furnished within 60 days after the fire, and the company must pay the loss 60 days after notice and satisfactory proof of the loss have been received by the company. These are mutual duties the parties to the contract owe to each other.

The appellant contends that the insured did not comply with the terms of the policy, first, by giving written notice of the loss; nor, second, by furnishing proofs of loss within the time specified in the policy. The fire occurred early on the morning of December 21, 1917, and on the twenty-eighth day of December, 1917, after considerable telephoning and telegraphing, the insurance company had their special adjuster, a Mr. Farrar, on the ground investigating every detail of the fire, because the company looked upon the fire as suspicious. The insured was summoned before this special agent, and he

was requested to, and he did, answer questions propounded to him, and his answers were reduced to writing and subscribed under his oath.  Before this cross-examination commenced, however, the company required the insured to sign a paper by which the insured agreed that, if he gave the company any valuable information which ought to be given in another manner and by other means, the company should not be held to have been informed until the means were employed which are referred to in the policy.  The intent of this agreement is "to save and preserve all the rights and defenses of all parties, and to permit an investigation of the claim and the determination of the amount of the loss or damage, in order that the party of the first part [the insured] may not be unnecessarily delayed in his business, and that the amount of his claim may be ascertained and determined without regard to the liability of the party of the second part, and without prejudice to any rights or defenses which said party of the second part may have."

If this agreement means anything, it means to throw the insured off his guard by persuading him to return to his business without delay and leave the matter of adjusting this loss to the special agent.  On January 14, 1918, the insured addressed a letter to the special agent, expressing disappointment from not hearing of the result of the adjustment of the cotton loss, and requested that such matter be attended to at once.  The intention of the letter is to demand payment of the loss, and the company had full information of the claim, the demand, and the repeated efforts made by the insured to collect his money in payment of the loss.

Is it possible that an insured, after loss by fire, must furnish to the company the identical information it has already obtained through its special investigation of the fire and of the loss?  Is it possible that by a new agreement, without consideration, the company is to be treated as not having received the very information necessary to charge it with liability, and require the insured to furnish that information in writing, when the company has already been furnished the information in writing, but furnished through its own agent, and not wholly by the insured?  Is it possible that the policy is unenforceable because a formal demand for payment of the loss was not made, and the fact is the local agency and all special agents were begged and importuned for payment,

and even the Corporation Commission requested payment for the insured? Neither the company nor any agent representing the company in the vicinity of the loss has advanced any valid excuse for refusing payment of the actual loss under the policy. From the evidence, Mr. Farrar believed the amount of the loss was much less than 17,612 pounds of seed cotton, and that was the purpose of his investigation. No intimation was ever made that the company refused payment of the loss because no formal notice or proof of loss was furnished the company, or because a written demand for payment was not served on the company within the time provided in the policy.

True, after the time expired, the company ceased to "investigate," and then for the first time discovered that its liability on the policy was no longer in existence, but expired pending an investigation of its liability. It may be good business to avoid paying the loss on an insurance policy by means of keeping the insured busy about other matters until by lapse of time he loses his rights altogether, but, before a court of justice should favor such practice, it should be made to appear clearly that the insured furnished no information tending to show an intention to claim any loss, nor expected payment of a loss under a valid policy. The refusal of the court to instruct the jury to return a verdict for defendant was proper.

From what is said above, appellant's fourth assignment of error is without merit, in that the statement made under oath at the request of the adjuster is sufficient proof of loss, although irregular in form, as the court instructed. The instruction given does not submit a question of law to the jury, as complained of.

The last assignment is that the court erred in refusing a new trial "for the reasons given in support of the preceding assignments of error, and for the reason that said motion presented newly discovered evidence pertinent to the issue of the fact." The appellant contends that the affidavits in support of the grounds of newly discovered evidence urged for a new trial show that appellant discovered evidence "from which it appears that appellee Goodgame, on or about January 1, 1918, had stated that the amount of seed cotton destroyed by the fire was about 1½ bales."

All through the trial the question of the amount of the loss was uppermost. The ·appellant offered testimony and the appellees offered testimony on that matter. If the said appellee did make the statement claimed, and admitted having made the statement, this would not relieve the company from paying the actual loss. The evidence in question contradicts evidence given on the trial, but it is not substantive evidence tending to establish a fact, but tends only to contradict other statements made by the same witness, at other times and places, concerning the fact in controversy. The trial court, in refusing a new trial, is not guilty of such abuse of discretion as would justify this court in reviewing his action.

Finding no reversible error in the record, the judgment must be affirmed.

ROSS and BAKER, JJ., concur.