[Civil No. 2034.  Filed October 15, 1923.]

[219 Pac. 232.]

## HATTIE L. MOSHER, Appellant, v. ARIZONA PACKING COMPANY, Appellee.

ADVERSE POSSESSION—MUST HAVE BEEN UNDER CLAIM OF RIGHT, INCONSISTENT WITH AND HOSTILE TO CLAIM OF PARTIES HOLDING PAPER TITLE.—"Adverse possession," within Civil Code of 1913, paragraph 698, requiring an action against one having peaceable and adverse possession to be brought within ten years, must have been under a claim of right inconsistent with and hostile to the claim of any of the parties who at different times held the paper title, in view of Civil Code of 1913, paragraph 704, defining adverse possession.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  Frank H. Lyman, Judge. Affirmed.

Mr. J. B. Woodward, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

CHAMBERS, Superior Judge.—This is an action brought by Hattie L. Mosher, appellant, against the Arizona Packing Company, appellee, to quiet title

---

Essential elements in adverse possession, see note in 15 L. R. A. (N. S.) 1189.

See 2 C. J., p. 122.

to a tract of land of about 15 acres, situated in the southeast quarter of the northeast quarter of section 7, township 1 north, range 4 east, G. & S. R. B. & M., Maricopa county, Arizona. The appellee answers by way of general denial and cross-complaint, and asks to have its title quieted as against the appellant. The appellant claims to have acquired title on December 17, 1920, by means of a deed from one John Botot, who, it is claimed, acquired title by peaceable and adverse possession for a continuous period of more than ten years. The appellee shows a complete chain of title from the original patentee of the United States. The appellee also shows payment of taxes by its predecessors in interest from the year 1907 continuously up until the commencement of this action.

The evidence shows that about 1908 or 1909 John Botot entered upon this land and built a shack thereon. It appears that John Botot was in the peaceable possession of a portion of this fifteen-acre tract from 1909 up until a few months prior to the commencement of this suit. During the greater portion of this period the land was otherwise vacant and unoccupied. The appellant claims that she is entitled to a judgment quieting the title in her by virtue of paragraph 698 of the Civil Code of 1913, which is as follows:

"Any person who has a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward."

If John Botot had peaceable and adverse possession of the fifteen-acre tract of land for a period of ten years, and the appellee and its predecessors in interest made no effort during that time to recover possession thereof, then appellant is entitled to a

judgment in her favor.   However, it is necessary that the possession of John Botot must not only have been peaceable, but it must have been adverse to the possession of the party holding the paper title.   Paragraph 704 of the Civil Code of 1913 reads as follows:

" 'Adverse possession,' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

It would serve no useful purpose to enter into a discussion of the evidence.   It is sufficient to say that there is no substantial evidence indicating that the possession of John Botot was adverse.   The evidence does not show that his possession was under any claim of right inconsistent with and hostile to the claim of any one of the several parties who at different times held the paper title.   On the contrary, the evidence is very plain that the possession of John Botot was without any claim of right, and that he never claimed any interest in the land until shortly before the commencement of this action.   Possession without some pretense or claim of right is not adverse.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LYMAN, J., being disqualified, Honorable W. R. CHAMBERS, Judge of the superior court of the state of Arizona, in and for the county of Graham, was called to sit in his stead.