[Civil No. 2668.  Filed February 13, 1928.]

[264 Pac. 103.]

THE HOME INSURANCE COMPANY, NEW YORK, a Corporation, Appellant, v. JOHN R. LATIMER, as Administrator of the Estate of JANE G. DELLINGER, Deceased, Appellee.

Mr. Maurice Blumenthal, for Appellant.

Mr. Charles L. Rawlins, Mr. Cullen A. Little and Mr. George H. Rawlins, for Appellee.

ROSS, C. J.—November 13th, 1924, Jane G. Dellinger died intestate, seized with the title to a house and lot situate in Globe, Arizona, and she left heirs at law. The house, which was insured by her for three years, from February 28th, 1924, in the Home Insurance Company, New York, for $1,200 loss, if any, payable to Jane G. Dellinger, owner, was destroyed by fire on May 16th, 1926. On June 22d, 1925, the plaintiff, Latimer, qualified as administrator and took possession of all the property of the estate, including the insured building, and continued in possession of the same until it was destroyed. Proof of loss having been made, defendant refused payment, and the administrator brought this suit.

It is provided in one clause of the policy that it shall be void "if any change, other than the death of the insured, take place in the interest, title, or possession of the subject of the insurance . . .

whether by legal process or judgment or by voluntary act of the insured, or otherwise." It is also provided in the policy that the word "insured," wherever it occurs, shall include the legal representative.

On the face of the pleadings (the answer and reply) it appears that before the fire the heirs of the insured "assigned all of their right, title, and interest in and to the property belonging to the estate of the decedent," and this raises the only question in the case on the merits.

The trial was before the court, and resulted in a judgment for the total loss, fifteen per cent statutory damages, and attorney fees of $500. The defendant has appealed.

On the merits, the legal proposition is, Did the assignment by the heirs of their right, title, and interest in the property of the estate before the destruction of the insured property render the policy void as to such interest? The law on this proposition—and to it we shall go directly, disregarding immaterial contentions of a procedural nature—may be stated to be as follows: The policy of insurance issued to Dellinger was a contract of indemnity against fire loss by her, and, in case of her death, against fire loss by the creditors of her estate and also her heirs, so long as their interest in the insured property remained unchanged by acts of theirs.

Upon the death of the insured, the ownership of the property was changed by operation of law. It became vested in the heirs, subject to the payment of the debts of the estate, the expenses of administration, and the allowance to the family. Par. 904, Civ. Code 1913. It is made the duty of the administrator to take possession of the property of the estate, both real and personal, pending the administration (par. 967, Civ. Code), and to care for and preserve the same (par. 1069, Id.).

This is not a contest between the heirs and creditors as to how the proceeds of the policy should be

disposed of, or to whom; it is between the insurance company and the personal representative, who, under the terms of the policy, succeeded to the procedural rights of the insured. The administrator is the only person who could bring the suit. The creditors could not sue; neither could the heirs, the contract not having been with them. Although they are the real parties in interest, their interests must be protected by the administrator if by anyone. The right of the administrator to sue is preserved by paragraphs 400 and 401, Civil Code, as trustee of an express trust, the *cestuis que trustent* being the heirs and the creditors. The contract of insurance did not attach to the realty and did not pass as an incident to a conveyance or transfer of the title to the land (*Wyman* v. *Wyman*, 26 N. Y. 253), but its validity under the terms of the policy depends upon the title of the insured property not being changed to another except through the death of the insured. If the assignment of their right, title and interest in the property of the estate by the heirs had the effect of conveying the title obtained by them through inheritance to their assignee, the provision of the policy against the change of title and interest would be violated.

The contract of assignment relied upon by defendant to effect that result was not put in evidence. We have no way of knowing what operating words, if any, it contained. We do not understand that it was a conveyance by deed of the real property inherited by the heirs at law, but an assignment of their right, title or interest in and to any residue of the property of the estate after the payment of the debts and expenses of administration. Such must have been the finding of the trial court, as without it the judgment would have been otherwise, the presumption being in favor of the existence of facts to support the judgment. The assignment, we take it, was of some right in the property of the estate not

determinable until the final settlement of the accounts and the entry of the order of distribution. Such an assignment would not convey any interest in the lot occupied by the building or the building itself, as the latter partook of the nature of the lot.

It has been settled by this court that no title or interest in the realty can be transferred except by a deed of conveyance. Par. 1046, Civ. Code; *Maconchy* v. *Delehanty*, 11 Ariz. 366, 21 Ann. Cas. 1038, 17 L. R. A. (N. S.) 173, 95 Pac. 109. In other words an assignment of realty must be by deed.

Under the facts as they appear, we conclude that there was no change in the title, interest, or possession of the insured property except that effected by the death of the insured, and that the administrator, as the personal representative of the insured and the trustee of an express trust, was entitled to ask for and recover the loss occasioned by the fire.

The defendant contends that its offer to pay the insurance, or so much thereof as was necessary to discharge the debts of the estate, if any there were, should relieve it from the fifteen per cent penalty provided by the statute. As we have seen, such offer was no offer under the law. It is not as though the defendant had made a good-faith offer to the extent of its liability under the statute. Since it was a conditional offer and not to the full extent of defendant's liability, the damages of fifteen per cent of the amount of the loss was properly imposed. *Germania Fire Ins. Co.* v. *Bally*, 19 Ariz. 580, 1 A. L. R. 488, 173 Pac. 1052; *Springfield Fire & Marine Ins. Co.* v. *Goodgame*, 20 Ariz. 425, 181 Pac. 190.

For the same reason, the defendant contends that attorney fees should have been denied. This position is as untenable on the one question as on the other. The court, after hearing the evidence on the amount of attorney's fees, allowed the plaintiff the

sum of $500. It is contended by defendant that this is excessive and unreasonable. The evidence was all to the effect that the services rendered by counsel for plaintiff were reasonably worth that sum. There was no evidence that the services were worth less. The statute provides (par. 3441, Civ. Code), that the insurance company that fails, after demand upon it, to make payment of the loss sustained, shall be liable to pay the holder of the policy "all reasonable attorneys' fees for the prosecution and collection of such loss." What is a reasonable attorney's fee is a question of fact, like any other, that must be determined upon the evidence, and, while the fee here charged does seem rather large, it was determined by the evidence, and the only evidence submitted to the court.

Being satisfied that the judgment of the lower court properly went for the plaintiff, it is affirmed.

LOCKWOOD and McALISTER, JJ., concur.