[Civil No. 4149.   Filed December 22, 1939.]

[97 Pac. (2d) 202.]

JOSEPH H. STEPHENS, E. W. STEPHENS, T. A. STEPHENS and F. M. STEPHENS, Appellants, v. COMSTOCK-DEXTER MINES, INC., a Corporation, Appellee.

Mr. A. L. Hammond, for Appellants.

Messrs. Morgan & O'Sullivan, for Appellee.

LOCKWOOD, J.—Joseph H. Stephens, E. W. Stephens, T. A. Stephens and F. M. Stephens, hereinafter called plaintiffs, brought suit against Comstock-Dexter Mines, Inc., a corporation, hereinafter called defendant, to quiet title to a certain portion of the Comstock and Dexter patented mining claims, said portion being described by metes and bounds in the pleadings, and which we shall refer to as the Stephens fraction. Defendant answered, denying that plaintiff had any interest in the property described in the complaint, and set up as a bar thereto sections 2049, 2050 and 2051, Revised Code of 1928, being a portion of the statute of limitations. It then cross-complained, setting up that it was the owner of and in possession of the property described in the complaint, being the Stephens fraction, claiming by right of that portion of the statute of limitations above referred to, and asking that its title in said fraction be quieted as against plaintiffs.

The case came on for trial before the court sitting without a jury, and the court found that the plaintiffs had failed to establish the allegations of their complaint, while the allegations of the answer and cross-complaint had been established by defendant, and rendered judgment dismissing plaintiffs' complaint and entering a decree in favor of defendant quieting its title to the Stephens fraction, whereupon this appeal was taken.

The evidence in this case, taken as strongly in support of the judgment as it may be, shows as follows: On July 18, 1906, W. W. White, A. C. Gilmore and J. Frank Dillon, who at that time had received a final

certificate of patent to the Comstock and Dexter mining claims but to whom actual patent had not yet issued, executed a mining deed conveying an undivided one-fourth interest each in said mining claims to W. W. White, A. C. Gilmore, J. Frank Dillon and E. S. Clark. On August 8, 1906, W. W. White conveyed his interest in the claims to John Lawler, and on August 10th, E. S. Clark conveyed his interest therein to Lawler. On May 28, 1907, United States patent to these claims was issued to A. C. Gilmore, W. W. White and J. Frank Dillon, the patent showing the acreage of the claims as 25.996 acres, more or less. On May 12, 1908, A. C. Gilmore and Anna B. Gilmore, J. Frank Dillon and John Lawler conveyed to J. Q. Stephens out of the Dexter and Comstock claims the tract described in the complaint, which we have called the Stephens fraction, totaling 0.471 acres. On October 26, 1931, Mrs. A. C. Gilmore, who admittedly had succeeded to whatever interest A. C. Gilmore had in the aforesaid mining claims, deeded all her rights therein to T. F. M. Fitzgerald, and on October 28, 1931, E. S. Clark deeded all his interest in the claims to Fitzgerald, the deeds thereto describing the Dexter and Comstock claims as patented, and without reservation. On December 12, 1932, Homer R. Wood and Michael L. Lynch, as executors of the John Lawler estate, deeded an undivided one-half interest in the property as patented, without reservation, to Fitzgerald. In 1934 Fitzgerald deeded all his interest in the mining claims, without reservation, to the defendant herein. All the above instruments were duly recorded in their respective order.

For more than ten years prior to the institution of this action taxes were paid by defendant and its predecessors in interest, Fitzgerald, Clark, Gilmore and the Lawler estate, on these two patented claims, which

were assessed half to the Lawler estate and half to Fitzgerald, Clark, Gilmore, and later to the defendant, without exception. The assessment, however, in all cases showed an acreage of less than the amount of the claims as shown by the patent, said difference being more than the area of the Stephens fraction. No assessment, however, was made of any portion of the mining claims, except that which has just been mentioned, to any other party during all of the time. From at least May, 1929, and thereafter up to the time of the commencement of this action, none of the plaintiffs in the case were in actual and physical possession of the Stephens fraction.

■ The plaintiffs showed by parol evidence that they were the only heirs of J. Q. Stephens and his wife, who were long dead, and it was stipulated that neither his estate nor that of his wife had been probated. The real estate of a deceased person upon his death changes in ownership by operation of law and becomes vested in his heirs, subject to the payment of the debts of the estate, the expense of the administration and the allowance to the family. *Home Ins. Co.* v. *Latimer,* 33 Ariz. 288, 264 Pac. 103. The plaintiffs, therefore, were the owners of any interest which their father and mother had in the Stephens fraction at the time of their deaths.

■ So far as the record title is concerned, a most chaotic situation appears. The property originally belonged to the United States government, and it divested itself of its title by the patent above referred to, issued to W. W. White, A. C. Gilmore and J. Frank Dillon. After certificate of patent had been delivered, but before the actual issuance of patent, these parties deeded the property to W. W. White, J. Frank Dillon, A. C. Gilmore and E. S. Clark, an undivided one-fourth interest to each, and White and Clark had deeded their

interest to John Lawler. Under these circumstances the actual patentees were merely trustees for the benefit of their grantees, and when the patent was issued the title reverted to such grantees. *Slothower* v. *Hunter,* 15 Wyo. 189, 88 Pac. 36; *Turner* v. *Sawyer,* 150 U. S. 578, 14 Sup. Ct. 192, 37 L. Ed. 1189.

Since Clark and White, during August, 1907, had deeded their interests in the property to John Lawler, when the patent was issued the ownership of the claims was in Gilmore, Dillon and Lawler, the first two each owning one-fourth and Lawler one-half of the property. Thereafter, and on May 12, 1908, all of the record owners deeded to J. Q. Stephens out of the Dexter and Comstock claims the property in controversy herein. Many years later the record shows that any interests remaining in Gilmore, Lawler and Clark were deeded to T. F. M. Fitzgerald, and he in turn transferred his interest to the defendant.

At the time of the commencement of the action then, if we consider only the record title, the Stephens fraction was the property of plaintiffs. Unless, therefore, the statute of limitations bars their claim, the trial court should have quieted title to the Stephens fraction in their favor.

In each section of the statute pleaded by defendant, one of the essential requisites for the running of the statute is that the party claiming thereunder must have had "peaceable and adverse possession" of the premises. Section 2055, Revised Code of 1928, defines these terms in the following language:

"Terms defined. 'Peaceable possession,' within the meaning of this chapter is such as is continuous, and not interrupted by an adverse action to recover the estate; 'adverse possession,' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another; 'peaceable and adverse posses-

sion' need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them; 'real property,' as used herein, includes mines and mining claims.''

We have examined the evidence in the case most carefully. While defendant in its cross-complaint and brief states that it and its predecessors were in peaceable and adverse possession of the Stephens fraction for the statutory periods, no citation in the brief is given to any portion of the transcript which shows any evidence to this effect, nor can we find it by our own examination. We have construed what is necessary to constitute peaceable and adverse possession in the cases of *Costello* v. *Muheim,* 9 Ariz. 422, 84 Pac. 906; *Mosher* v. *Arizona Packing Co.,* 25 Ariz. 473, 219 Pac. 232. We think the record utterly fails to show peaceable and adverse possession by defendant as defined by these two cases.

For the foregoing reason, the judgment of the superior court is reversed and the case remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.