[Civil No. 4376.   Filed June 30, 1941.]

[114 Pac. (2d) 903.]

JOSEPH H. STEPHENS, E. W. STEPHENS, T. A. STEPHENS and F. M. STEPHENS, Appellants, v. COMSTOCK–DEXTER MINES, INC., a Corporation, Appellee.

Mr. A. L. Hammond, for Appellants.

Messrs. O'Sullivan & Morgan, for Appellee.

LOCKWOOD, C. J.—Joseph H. Stephens, E. W. Stephens, T. A. Stephens and F. M. Stephens, plaintiffs, brought suit against Comstock-Dexter Mines, Inc., a corporation, defendant, to quiet title to certain property described in their complaint. Defendant answered, setting up as a bar to plaintiffs' claim the statute of limitations, and particularly section 29–102, Arizona Code 1939, which reads:

*"Five-year limitation.*—Every action instituted to recover real property as against any person having peaceable and adverse possession thereof, cultivating, using, or enjoying the same, and paying taxes thereon, and claiming under a deed or deeds duly recorded, shall be instituted within five (5) years next after the cause of action has accrued, and not afterwards. This section shall not apply to any one in possession of land, who in the absence of this section would deraign title through a forged deed, and no one claiming under a forged deed, or a deed executed under a forged power of attorney, shall be allowed the benefits of this section."

It then cross-complained, alleging that it was the owner of the property described in the complaint by virtue of said statute of limitations, and asking that its title be quieted thereto. Judgment was rendered in favor of defendant on its cross-complaint, and plaintiffs appealed. The case was before us in *Joseph H. Stephens et al.* v. *Comstock-Dexter Mines, Inc.,* 54 Ariz. 519, 97 Pac. (2d) 202, 204, and we held as follows:

"We have examined the evidence in the case most carefully. While defendant in its cross-complaint and brief states that it and its predecessors were in peaceable and adverse possession of the Stephens fraction

for the statutory periods, no citation in the brief is given to any portion of the transcript which shows any evidence to this effect, nor can we find it by our own examination. We have construed what is necessary to constitute peaceable and adverse possession in the cases of *Costello* v. *Muheim,* 9 Ariz. 422, 84 Pac. 906; *Mosher* v. *Arizona Packing Co.,* 25 Ariz. 473, 219 Pac. 232. We think the record utterly fails to show peaceable and adverse possession by defendant as defined by these two cases.

"For the foregoing reason, the judgment of the superior court is reversed and the case remanded for a new trial."

The case was tried a second time, and the court rendered judgment quieting the title to a certain portion of the property involved in plaintiffs, and to another portion thereof in defendant, whereupon this appeal was taken by plaintiffs.

The sole question for consideration is whether the evidence supports that portion of the judgment quieting the title to a part of the property in defendant. Upon an examination of the briefs it appears that the only question is whether there is sufficient evidence to sustain the necessarily implied finding of the trial court (a) that defendant had been in actual peaceable and adverse possession thereof for the statutory period of five years, and (b) that it had paid the taxes thereon for the same period. So far as the possession is concerned, we think there was sufficient evidence to sustain the finding of the trial court on this point. *Costello* v. *Muheim,* 9 Ariz. 422, 84 Pac. 906; *Spillsbury* v. *School Dist. No. 19,* 37 Ariz. 43, 288 Pac. 1027.

The evidence on the question of taxes shows that the property in question was a small fraction of two patented mining claims in Yavapai county, and that the fraction involved in the controversy had never been assessed to anyone from 1907 on as a separate item, but that both patented claims, of which it was a

part, had always been assessed to defendant and its predecessors in interest, sometimes the acreage being given as the full amount patented and at other times less, and that they had always paid the taxes thereon. We are of the opinion that the showing made in regard to taxes justified the court in holding that defendant had paid the taxes for more than five years on the particular portion of the property to which title was quieted in it.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.