[Civ. No. 958.  Second Appellate District.—June 15, 1911.]

W. T. SMITH, Respondent, v. W. C. ELDERTON, Appellant.

CORPORATIONS—JOINT PURCHASE OF STOCK—AGENCY—FIDUCIARY RELATION—FRAUD UPON BENEFICIARY OF TRUST.—Where the president and a stockholder of a corporation agreed to a joint purchase of stock, through the president as agent, who represented that he knew where he could purchase 1,000 shares at $2 per share, and subscribed for 1,000 shares at $1 per share, and issued 500 shares to the stockholder and 500 shares to himself, and fraudulently obtained $1,000 for the shares to the stockholder, and thereby obtained his own shares for nothing, the facts show a fiduciary relation between the parties, and that the president, disregarding the obligations imposed upon him as a trustee, was guilty of a fraud upon the stockholder, as a beneficiary of the trust, under section 2234 of the Civil Code, in seeking to obtain an advantage over such beneficiary.

ID.—RESCISSION OF PURCHASE—COMPLAINT TO RECOVER MONEY PAID—RELIANCE UPON REPRESENTATIONS—DENIAL OF RELIANCE—PROPER JUDGMENT UPON PLEADINGS.—Where the complaint showed a rescission of the purchase on account of the alleged fraud and misrepresentation of the defendant, and a tender back of the stock,

and reliance upon the truth of the representations made by the defendant, and sued for the return of the purchase money paid, and the answer was merely a denial of such reliance, the court properly granted a judgment for plaintiff upon the pleadings.

ID.—ESTOPPEL OF DEFENDANT AS TRUSTEE TO DENY RELIANCE.—The defendant occupying the relationship of trustee to plaintiff, as a beneficiary, is estopped to deny the reliance of the plaintiff upon his representations made as a trustee to the beneficiary, and his denial as to such reliance is ineffectual to raise an issue.

ID.—TRUSTEE MAKING MONEY OUT OF BENEFICIARY—AFFIRMATIVE SHOWING REQUIRED—PRESUMPTION OF FRAUD.—Where a trustee makes money out of his *cestui que trust,* he must show affirmatively that the transaction was perfectly fair; otherwise the presumption of fraud is against him.

ID.—RIGHT OF PLAINTIFF TO ELECT REMEDY.—That the plaintiff had the right to elect a remedy which would have given him the entire 1,000 shares paid for did not preclude him from the one sought, in rescission, for the recovery of the money obtained by fraud, without reference to the market value of the stock received.

ID.—DAMAGE TO PLAINTIFF BY FRAUD.—The fact that plaintiff paid twice the amount that he should have paid, if knowledge of the true facts had existed, established his injury through the fraudulent practices of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

T. P. Dyer, and Chas. L. Chandler, for Appellant.

Chas. S. McKelvey, for Respondent.

ALLEN, P. J.—Action to recover money alleged to have been procured by fraudulent practices. The pleadings develop, without controversy, a contract between plaintiff and defendant for the joint purchase of 1,000 shares of corporate stock in a corporation of which defendant was president and plaintiff a stockholder; it being represented by defendant to plaintiff that the stock was for sale at $2 per share, and that defendant knew where 1,000 shares of such stock could be purchased at such price. The parties agreed to such purchase at the rate of $2 per share and defendant was delegated the authority to enter into negotiations for its

acquirement. Pursuant to such authority, defendant procured the assignment of a subscriber's rights to acquire 1,000 shares at $1 per share, the subscription price for which had not been paid, which assignment defendant procured without consideration. Defendant exercising the rights of such subscriber paid to the corporation $1 per share and caused two certificates, each for 500 shares, to be issued one to plaintiff and one to himself. Defendant thereupon presented to plaintiff the certificate for 500 shares and plaintiff paid to defendant $1,000 or $2 per share, defendant retaining the certificate for 500 shares without paying any consideration or assuming any liability for the purchase price thereof. Plaintiff upon discovery of the facts rescinded the contract of purchase and tendered to defendant the 500 shares of stock, and brought this action to recover the money.

It is averred in the complaint that plaintiff, because of the trust and confidence he had in defendant, and because of the statement of defendant that he would take 500 shares along with plaintiff, relied upon such statement and acted thereon. The answer of defendant denies that plaintiff relied upon such statement. Under such condition of the pleadings, the court rendered judgment upon the pleadings in plaintiff's favor, from which judgment defendant appeals.

The facts admitted establish an agreement and arrangement through which defendant, as agent of the joint enterprise, assumed the duty of negotiating for and acquiring the stock. A fiduciary relation as between the plaintiff and defendant thereby arose, and this aside from the relative positions occupied by the parties to the corporation. The defendant, disregarding the obligations imposed upon him, was guilty of a fraud under section 2234, Civil Code, in seeking an advantage over plaintiff who was one of the beneficiaries of a trust. The denial of the answer as to the reliance of plaintiff upon the truth of the representations is ineffectual as raising an issue. One occupying a relationship as disclosed by the record is estopped to deny the reliance. "If a trustee makes money out of his *cestui que trust,* he must show affirmatively that the transaction was perfectly fair; otherwise, the presumption of fraud is against him." (*Woodrooff* v. *Howes,* 88 Cal. 187, [26 Pac. 111].) That the plaintiff possessed the right to elect a remedy which would have given him the entire 1,000 shares

did not preclude him from the one sought in the recovery of the money paid through such fraudulent practices, and this without reference to the market value of the stock. Nor can it be said that plaintiff was not damaged in the transaction. If defendant had acted in good faith and discharged the duty assumed by him as such agent, plaintiff would have acquired his stock for one-half the amount actually paid. That he paid twice the amount which he should have paid, or would have paid if knowledge of the true facts had existed, establish his injury through the fraudulent practices.

We are of opinion that the court committed no error in rendering a judgment against defendant upon the pleadings, and the same is affirmed.

James, J., and Shaw, J., concurred.