[Civil No. 2055.  Filed December 29, 1923.]

[221 Pac. 226.]

# T. E. THOMAS, Appellant, v. THOMAS F. NEW-COMB and ELDE H. WARD, Copartners Doing Business as NEWCOMB & WARD, Appellees.

1. APPEAL AND ERROR—IN ABSENCE OF FINDINGS FROM RECORD, PRESUMED THAT THEY SUPPORT JUDGMENT.—Where the record does not show that the trial court filed any findings of fact, the Supreme Court is bound to presume that the court made all the necessary findings to support the judgment.

2. APPEAL AND ERROR — FINDINGS SUSTAINED IN ABSENCE OF AFFIRMATIVE ERROR.—Where, after an examination of the evidence, the Supreme Court cannot say affirmatively that it did not justify the trial court in making the contested findings, they must stand.

3. PRINCIPAL AND AGENT — AGENT MUST ACT LOYALLY — AGENT RESPONSIBLE FOR LOSS RESULTING FROM DISLOYALTY.—An agent must act with entire good faith and loyalty for the furtherance of the principal's interest in all matters concerning the subject of his agency, and if he fails to do so he is responsible to his principal for any resulting loss.

4. PRINCIPAL AND AGENT—ACTION FOR MONEY RECEIVED PROPER ACTION TO RECOVER SECRET PROFITS.—Principal may enforce agent's responsibility for disloyalty by an action for money received and recover any profits secretly and illegally made by agent.

5. PRINCIPAL AND AGENT—PRINCIPAL MAY SUE AGENT IN ACTION FOR FRAUD AND DECEIT.—Where an action for money received will not fully compensate principal for agent's disloyalty he may sue agent in an action for fraud and deceit.

6. PRINCIPAL AND AGENT—THAT PROPERTY WAS WORTH PRICE PRINCIPAL PAID NO JUSTIFICATION FOR SECRET PROFIT.—Where an agent made a secret profit, it is no defense that the property was worth all the principal paid for it.

7. PRINCIPAL AND AGENT — AGENT LIABLE FOR ENTIRE AMOUNT OF SECRET PROFIT THOUGH HE DIVIDED IT WITH ANOTHER.—Where agent for the purchase of land paid vendor's agent one-half of his secret profit to induce him to state the consideration in a written option as an amount in excess of the agreed amount, agent is liable to principal for the difference between the amount vendor received and the amount paid by principal, and not merely the amount of agent's secret profit.

See 2 **C. J.** 692, 697, 698, 886; 4 **C. J.** 778, 876.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Messrs. Alexander & Christy, for Appellant.

Messrs. Bullard & Jacobs and Mr. Frank De Souza, for Appellees.

LOCKWOOD, Superior Judge.—This is an action brought by appellees against appellant to recover the sum of two thousand five hundred and sixty dollars claimed by the former to have been received by the latter as their agent in the purchase of certain lands in Maricopa county, which sum sought to be recovered they claim appellant received and retained over and above the actual purchase price of the lands.

The complaint alleges, substantially, that appellees, as partners, employed appellant to act as their agent in purchasing certain lands in Maricopa county, and that by said contract he was to purchase the lands at the best price to be had, consulting his principals from time to time, and advising them of the offers; that he represented to them that as they were strangers the negotiations had best be carried on in his name, for their better protection; that he owned land near those desired by them, and that their purchase would enhance the value of his land. It further alleges that they were strangers in Arizona, and believed and relied on appellant's representations, and that for these reasons agreed the negotiations and contract of purchase should be in his name, and it was so done. Appellant then, acting under said agency, secured a contract in writing for the sale and purchase of the lands described in the complaint at the purchase price of twenty dollars per acre, or twelve thousand eight hundred dollars

in all, which contract was duly assigned by him to appellees, and the purchase price paid as set forth in the contract, and an extension thereof. But it is alleged, as a matter of fact, while appellant was acting as agent of appellees, he secured a contract of purchase for said lands at the rate of sixteen dollars per acre, or ten thousand two hundred and forty dollars for the whole, but for the purpose of defrauding appellees, had the written contract drawn to provide for a purchase price of twelve thousand eight hundred dollars, of which the original owner of the property was to receive under the true agreement only ten thousand two hundred and forty dollars, appellant receiving the balance of two thousand five hundred and sixty dollars.

Appellant answered, denying the allegations of the complaint, and alleges substantially that he was not acting as the agent in the purchase of said land, but that he was the owner of an option to purchase the lands, of which he advised appellees, and that they agreed to purchase and did purchase said option of him at the price of twelve thousand eight hundred dollars, with full knowledge of the facts, and that said lands were reasonably worth the full purchase price paid.

The action was tried before the court, a jury being waived, and the court rendered judgment on the issues in favor of the appellees and against appellant for the full sum of two thousand five hundred and sixty dollars, being the difference between the price paid by appellees and that which it was alleged the original owner was to receive under the true terms of the real contract, and after the usual preliminaries the case was appealed to this court.

Appellant makes but two assignments of error— the first being that the complaint alleges appellant was the agent of appellees during and for said purchase, while the proof shows he was acting indepen-

26 Ariz.—4

dently and for himself in said transaction; and, second, that the complaint is insufficient to sustain an action for fraud and deceit, nor was there proof thereof at the trial sufficient to authorize a recovery on such an action; and, further, that neither on such an action nor on one for money had and received could appellees recover more than the money actually received by appellant for his own use and benefit, which the evidence shows to have been only one thousand nine hundred and twenty dollars.

There are, therefore, but two real questions for us to consider: First. Was appellant the agent of appellees during and for the transaction? Second. If he was, and appellees are entitled to any judgment, what was the proper measure of recovery?

The record does not show that the trial court filed any findings of fact. In such a case we are bound to presume that the court made all the necessary findings to support the judgment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960; 4 Corpus Juris, 778. We are equally bound to presume the findings were correct unless the evidence cannot reasonably be construed to sustain them. *Blackford* v. *Neaves, supra; McGowan* v. *Sullivan,* 5 Ariz. 334, 52 Pac. 986; *De Mund Lumber Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543.

Obviously, to support the judgment, it was necessary for the trial court to find that appellant was the agent of appellees for and during the purchase of the land in question; that he, for his own profit, and by the means of false representations, persuaded his principals to pay two thousand five hundred and sixty dollars more for the land than the true price at which it could have been purchased, and that the principals, relying on his representations, did pay such excess sum. On a careful examination of the evidence contained in the record, I cannot say affirmatively that it did not justify the trial court in making

such findings, and under the familiar rule of this court in such cases the findings must stand.

Now, it is too plain to need discussion that an agent is under the duty to act with entire good faith and loyalty for the furtherance of the interests of his principal in all matters concerning or affecting the subject of his agency, and if he fails to do so he is responsible to his principal for any loss resulting therefrom. 31 Cyc. 1430, and cases cited. The principal may enforce this responsibility by an action for money had and received to recover any profit secretly and illegally made by the agent. *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119; affirmed, 222 U. S. 161, 56 L. Ed. 143, 32 Sup. Ct. Rep. 48 (see, also, Rose's U. S. Notes). Or, if such action will not fully compensate him, he may sue on the tort, in an action for fraud and deceit. *Great Western Gold Co.* v. *Chambers,* 153 Cal. 307, 95 Pac. 151; *Smith* v. *Elderton,* 16 Cal. App. 424, 117 Pac. 563; *Wiruth* v. *Lashmett,* 82 Neb. 375, 117 N. W. 887; *Watson* v. *Bayliss,* 62 Wash. 329, 113 Pac. 770; *Stewart* v. *Preston,* 77 Wash. 559, 137 Pac. 993. Nor is a defense that the property was worth all the principal paid for it available to the agent. *Clinkscales* v. *Clark,* 137 Mo. App. 12, 118 S. W. 1182; *Calmon* v. *Sarraille,* 142 Cal. 638, 76 Pac. 486; *Salsbury* v. *Ware,* 183 Ill. 505, 56 N. E. 149.

Since appellant was the agent of appellees, it necessarily follows that the trial judge was right in rendering judgment against him in at least the amount it is admitted he received in excess of the sum actually paid the owner of the land. But should it have given judgment for the six hundred and forty dollars it is shown was retained by Dobbin, who was the agent of the owner of the land? The evidence shows beyond dispute that appellant, in order to induce Dobbin to make the option of January 17th, read twenty dollars per acre instead of the sixteen dollars per acre which the owner of the land was

really to receive, and from which Dobbin was to get his commission, agreed to split his illegal profit of two thousand five hundred and sixty dollars by allowing Dobbin to retain for himself six hundred and forty dollars of said sum. And appellant now calmly contends that because to carry out his fraudulent purpose he was compelled to pay part of the spoils to his confederate his principal should suffer that loss. The mere statement of the proposition shows its absurdity.

The complaint sets forth fully allegations sufficient to authorize the judgment. The record presents evidence which would justify the findings of fact necessary to sustain it; and, there appearing no prejudicial error therein, the judgment is in all matters affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN, being disqualified, Honorable A. C. LOCKWOOD, Judge of the Superior Court of Cochise County, was designated to sit in his place.