[Civil No. 2841. Filed April 14, 1930.]

[286 Pac. 822.]

SQUAW GULCH MINING AND MILLING COM-
PANY, a Corporation, Appellant, v. F. B. KOLL-
BERG, Appellee.

Messrs. Hardy & Hardy, Messrs. Carter & Webster and Mr. John W. Holmes, for Appellant.

Mr. Duane Bird, for Appellee.

LOCKWOOD, C. J.—F. B. Kollberg, hereinafter called plaintiff, brought suit against David Fishman and Squaw Gulch Mining & Milling Company, a corporation, the latter being hereinafter called defendant, to recover on a promissory note in the sum of $2,500, which note was executed by Fishman in favor of plaintiff and indorsed and guaranteed by defendant in the following language:

"For value received we hereby guarantee the payment of the within note and any renewal of same, and hereby waive protest, demand and notice of nonpayment thereof.

"[Signed] SQUAW GULCH MINING & MILLING COMPANY,
"By CHAS. L. HARDY,
"President."

The case was tried to the court sitting without a jury, and judgment was rendered in favor of plaintiff and against Fishman and defendant, from which judgment defendant has taken this appeal.

There are two assignments of error which raise in effect these questions: Does the evidence sustain the judgment, and did the court err in admitting evi-

dence? In considering these assignments, there are two principles of law for our guidance: First, when a case is tried to a court without a jury and only general findings of fact are made, or no findings at all, it must be presumed the trial court found every fact necessary to support the judgment; and, second, if there is evidence in the record which would reasonably support such findings, this court will not disturb the judgment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226; *First Baptist Church* v. *Connor,* 30 Ariz. 234, 245 Pac. 932.

It is contended by defendant that the guaranty in question was without consideration, and for accommodation only, and therefore *ultra vires* and void, and that the execution of such a guaranty was beyond the power of the president of the corporation, even if it were within the power of the corporation itself. It is the general rule that no corporation has the power by any form of contract or indorsement to become a guarantor or surety or otherwise lend its credit to another person or corporation, unless such power is given by its articles of incorporation. 14a C. J. 739, and note. There is, however, the exception that a corporation has implied power to enter into a contract of guaranty or suretyship whenever the transaction can reasonably be said to be incidental to the conduct of business authorized by the charter. *Forty-Acre Spring Live Stock Co.* v. *West Texas B. & T. Co.,* (Tex. Civ. App.) 111 S. W. 417; *James Eva Estate* v. *Mecca Co.,* 40 Cal. App. 515, 181 Pac. 415; *Thomas* v. *City Nat. Bank,* 40 Neb. 501, 24 L. R. A. 263, 58 N. W. 943.

From the record the court might reasonably have found the following facts to exist: Plaintiff and Fishman owned as tenants in common a certain group of mining claims. Fishman desired to organize a corporation and transfer the property to it. Plaintiff

at first objected to this plan, but after considerable discussion a tentative agreement was made that Fishman should organize the corporation and deed his interest in the mining claims to it in return for a certain amount of stock, and should in addition purchase a certain amount of stock from the corporation for $10,000 cash. This $10,000 and a certain amount of capital stock of the corporation was to be paid to plaintiff for his interest in the claims. There were various other provisions not material to this case. This agreement, however, was modified in its details, and instead of plaintiff's interest in the property being deeded directly to the defendant for stock and the $10,000, only half of such interest was deeded to the corporation directly for stock, the other half being transferred to Fishman in return for $7,500 cash and the note in question, and by Fishman transferred to the corporation. The ultimate result of the transaction actually carried out was that the corporation got plaintiff's interest in the claims; and he received therefor certain stock in the corporation, $7,500 in cash, and the note in question. We are of the opinion that the trial judge might well conclude from the foregoing facts that in effect the corporation gave its guaranty as part payment of the purchase price of the property which it received, and which it was incorporated for the express purpose of securing. If such were the case, the transaction was certainly reasonably incidental to the conduct of the business authorized by the charter of the corporation, and indeed was necessary to enable it to accomplish the object for which it was created.

Such being the case, the guaranty was within the powers of the corporation, and since it unquestionably accepted the benefit thereof, even if its president was not originally authorized to execute the guaranty, the corporation will be deemed to have ratified such act. 14a C. J. 387, and note. Counsel for defendant have

not pointed out any particular errors in the admission of evidence, but merely state, "In support of this point, counsel reaffirms and directs the court's attention to all the matters and things included under point one." Point 1 discusses the sufficiency of the evidence to sustain the judgment and refers to practically all the evidence admitted. Some of this was certainly properly admitted, and we are unable to determine from the second assignment of error and the above statement of counsel to what the assignment refers. It is consequently overruled.

Judgment affirmed.

McALISTER and ROSS, JJ., concur.