[Civil No. 2919. Filed June 7, 1930.]

[288 Pac. 1027.]

MARY JANE SPILLSBURY, Widow of ALMA P. SPILLSBURY, Deceased, FANNY A. DANA, KATE TAYLOR, SARAH A. SKOUSEN, NELL HATCH, RUBY V. BROWN, LEM H. SPILLSBURY, BLANCHE HURST, BERNICE CONN, EVA TAYLOR, DELLA TUCKER, PORFIRIO SPILLSBURY, and the Unknown Heirs of ALMA P. SPILLSBURY, Deceased, J. E. COBERLY and H. G. BUSH, Appellants, v. SCHOOL DISTRICT No. 19 of MARICOPA COUNTY, Appellee.

Messrs. Dougherty & Dougherty and Mr. G. A. Rodgers, for Appellants.

Mr. Frank Dykes, for Appellee.

LOCKWOOD, C. J.—School district No. 19 of Maricopa county, hereinafter called plaintiff, brought suit against Mary Jane Spillsbury and numerous other parties, hereinafter called defendants, to quiet title to the southeast one acre of the northeast quarter of the northeast quarter of section 30, township 1 north, range 5 east, Maricopa county, Arizona. The case was tried to the court sitting without a jury, and a judgment was rendered quieting the title in plaintiff. The motion for new trial was denied by operation of law, and defendants have appealed to this court.

There are some seven assignments of error, but they present in reality only one question of law, to wit, Does the evidence support the judgment? In determining this question, we must construe the evidence in the most favorable light possible in favor of plaintiff. And if, from the evidence so viewed, findings could reasonably be made which would support the judgment, we must assume that the court did make such findings. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226; *Squaw Gulch Mining & Milling Co.* v. *Kollberg,* 36 Ariz. 442, 286 Pac. 822.

So construed, the evidence shows the facts to be as follows: About the year 1888 Alma P. Spillsbury and Mary Jane Spillsbury, his wife, were the owners and in possession of the property in question, then located within the boundaries of school district No. 29 of Maricopa county. At that time said school district erected a brick building on the premises and maintained a public school thereon until approximately the year 1913. Mary Jane Spillsbury testified that she always understood her husband had given only oral permission for the use of the premises by the school district so long as school was maintained thereon, with the proviso that, if such use ceased,

they should revert to his estate. There is no direct evidence of any deed ever having been given school district No. 29 by the Spillburys, but it does appear in the record that in 1893 they quitclaimed the south half of the northeast quarter of the northeast quarter of section 30, above, to Joseph A. Stewart, and in the deed excepted therefrom "one acre deeded to and owned by the School District No. 29, Maricopa Co. Arizona."

In 1913 school district No. 29 was declared lapsed, and annexed to school district No. 19, plaintiff herein; and thereafter school was no longer maintained in the building located on the acre of ground in question. The trustees of school district No. 19 removed the personal property of the school therefrom, and orally leased the realty and the building thereon to one Fred Brackett for $5 for the first year, and the consideration thereafter that he would see the premises were kept in good condition and that they were not trespassed upon. This agreement was continued with Brackett and others from the year 1913 until the year 1924. No claim of right in the premises was made between 1888 and 1926 by the Spillsburys or any of defendants. During the year 1927 J. E. Coberly, one of the defendants herein, attempted to lease or purchase the premises from plaintiff, but unsuccessfully. He then investigated the record title and came to the conclusion that it was vested in one H. G. Bush, and purchased the property from the latter, taking possession thereof. Shortly thereafter plaintiff brought this suit to quiet title. Is this evidence sufficient to sustain a judgment in favor of plaintiff?

While the original complaint set up a lost deed from the Spillsburys to the predecessor in interest of plaintiff, school district No. 29, there was no attempt to prove such deed or its terms by direct evidence; and plaintiff relies solely on adverse pessession for a period of more than ten years, between 1913 and

1924, inclusive. This claim is governed by the provisions of section 2051, Revised Code of 1928, which, so far as applicable, reads as follows:

"Any person having a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his action therefor within ten years next after his cause of action has accrued, and not afterward."

The foregoing evidence is ample to support a finding that during that period plaintiff was in possession of the premises in question, and that such possession was peaceable. Was it adverse?

Under our statute, adverse possession is "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Section 2055, Rev. Code 1928. It is contended by defendants, however, that the original occupancy of the premises was under a conditional oral permit from the original owner, and that under such circumstances adverse possession does not begin to run against the true owner, unless there is a positive disclaimer and disavowal of the owner's title, and the assertion by the occupant of a title in hostility thereto, notice of which is brought home to the land owner. This is undoubtedly true as a matter of law, 1 R. C. L. 746, 747, and cases cited. We think, however, the evidence in this case justified a conclusion by the trial court there was, to the knowledge of the original owners, a positive claim of title by school district No. 29, and therefore by its successor in interest, plaintiff herein. In the deed from the Spillsburys to Stewart in 1893 there was a recital that the premises in question were "deeded to and owned by" the district. The evidence is silent as to the terms and conditions of the deed, but such an admission by the owners is certainly suffi-

cient to negative the idea that the occupancy by the school district was under an oral license.

It is urged that the trial court predicated its findings in favor of plaintiff upon an alleged adverse possession which necessarily implied the rejection of the theory of a lost deed. We think counsel are in error as to the implications from the rulings of the court. In order to establish title by a lost deed, it would have been necessary, not only to prove the execution and delivery of the deed, and its loss, but the terms thereof with the same certainty as in the case of a parol contract, and this by clear and convincing evidence. 38 C. J. 260, 261. When, however, the evidence in regard to the deed is not offered for the purpose of establishing a title by deed, but merely for the purpose, as in this case, of showing that the original possession was adverse and not permissive, a much smaller degree of proof will establish the necessary fact; and a finding by the court that plaintiff has failed to prove title by deed does not negative a finding that the occupancy was originally under a deed. We are of the opinion the trial court was justified on the evidence offered in finding the original possession of the premises by school district No. 29 was necessarily hostile to a claim of title by the Spillsburys and was known to them to be so.

It is suggested that to establish title by adverse possession there must be an actual occupancy of the land, and such use of it as it is ordinarily adapted to. This court has held that neither actual occupancy nor cultivation nor residence is necessary to constitute actual possession, and that what acts may or may not constitute a possession are necessarily varied, and depend upon the circumstances of the case. *Costello v. Muheim*, 9 Ariz. 422, 84 Pac. 906. The property in question consisted of an acre of ground whereon a brick building stood, surrounded by large trees and a playground. We think the use of the premises for

storage under the circumstances was ample to show possession, and that it was not necessary or even practicable that it be farmed.

Such being the case, the possession of plaintiff, the successor in interest of school district No. 29, was for at least eleven years actual, open, visible, notorious, continuous and hostile to the title relied on by defendants. It was also suggested that a school district cannot establish title by adverse possession. We think this conclusion is contrary to the general weight of authority. *Lee* v. *County School Board,* 146 Va. 804, 132 S. E. 863, and cases cited.

It is not necessary that we should consider any of the other matters argued by plaintiff, in view of our opinion as above.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.