## COLLINS v. DYE.
### No. 8550.

Circuit Court of Appeals, Ninth Circuit.
Jan. 31, 1938.

John W. Ray, of Phœnix, Arız., for appellant.

Kibbey, Bennett, Gust, Smith & Rosenfeld, of Phœnix, Ariz., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellant sued to quiet her title in a five-acre tract of land which she claims to have inherited from her mother. The appeal is from an order dismissing her amended petition. The question to be determined is the sufficiency of the bill to warrant the granting of any relief.

Following are the material averments of this extraordinarily prolix and turgid pleading, occupying as it does some fifteen pages of the printed record. In 1909 Julia Mosher and Hattie L. Mosher, respectively the mother and grandmother of appellant, each executed and acknowledged a deed to the other, in form of general warranty, for the recited consideration of the sum of $10. The deed of Julia Mosher covered the tract which is the subject-matter of the suit. The deed of Hattie L. Mosher was for other property. It is alleged that these deeds were never effectually delivered, but that the two instruments were by the grantors placed in a safety deposit box in a bank in Phœnix, this box being registered in the names of the two women. Each had a key to the box and each without the other might obtain access thereto. These deeds were left in the box with the agreement and understanding that in the contingency of either of the two parties dying before her return to Phœnix, then the other might take from the box both deeds and destroy the one wherein she was grantor and put to record the one wherein the survivor was the grantee, and if the contingency of death did not occur on the journey and sojourn that both were then preparing to make in Germany, then both deeds were to be void and would be destroyed, in the meantime the title to the property described to remain as it then was of record. Julia Mosher was at that time a minor, under the age of eighteen. There was no consideration for her deed, but it was in fact made solely to avoid probate in the event of the death of the grantor during her sojourn in Germany. Julia made the voyage, spent some time in Germany, and then returned with her mother to Phœnix. Through inadvertence or oversight the deed was not destroyed as intended, but the deed from Hattie L. Mosher to Julia was destroyed. Thereafter Julia grew to majority and intermarried with James D. Collins, and of this marriage the appellant was the sole issue. It is alleged that after Julia became of age and before her marriage to Collins her deed was repudiated by the making of a mortgage on the property to one Skrehot, as surety for Hattie L. Mosher, at the request and for the accommodation of the latter. In March, 1920, and just prior to the death of Julia, her mother, acting under supposed authority of a power of attorney from Julia, executed and acknowledged, but did not deliver, a deed to the property involved to James D. Collins. In May, 1920, Julia died intestate leaving appellant as her only child and heir.

After the death of her mother appellant owned and had the open, actual and adverse possession of the property described and the same was assessed to and in the name of appellant, as it had been assessed to and in the name of her mother prior to the death of the latter, and Hattie L. Mosher for them and in their names paid the taxes. Hattie, subsequent to the death of Julia, caused the latter's deed to be recorded and gave to appellees her mortgage on the property as additional security for a pre-existing debt, without any new consideration passing to Hattie or any forbearance or other agreement on the part of the appellees. The latter were fully informed of the fact that the deed from Julia had been kept off the records for more than twenty years and that it was originally executed without consideration. It is averred that appellees had notice that Julia at the instance of Hattie had mortgaged the property to Skrehot, and they were shown the deed which Hattie, as attorney in fact for Julia, had executed but had not delivered to James D. Collins. Appellees were informed that Hattie L. Mosher would, if they so desired, place the deed to James D. Collins of record and then execute a mortgage in his name on the property, acting as his attorney under a power of record, or she would place of record the deed from Julia to herself and would then for herself and in her own name as owner execute the mortgage; and appellees elected to have the old deed from Julia placed of record and the mortgage on the property executed by Hattie as the owner. Default was thereafter made in the payment of the debt owing to appellees from Hattie, for the additional security of which the mortgage referred to was given, and the mortgage was foreclosed. The property involved in this suit was sold in the foreclosure proceeding, purchased by the appellees at the foreclosure sale and deed executed in their favor by the sheriff pursuant to the sale. Appellant was not a party to the foreclosure action. It is then

averred that the real estate which is the subject matter of the present suit "is vacant and unimproved, with no buildings or structures of any kind or character thereon and not fenced or enclosed." Appellant prays that her title to the property be quieted.

From the facts alleged in the petition it is clear that there was a present delivery of the deed from Julia to her mother. The instrument, absolute in form, was placed by the grantor in a safety deposit box under the dominion and control of the grantee. No further act or expression on the part of the grantor was intended or was necessary to give binding force to the conveyance. To say that the deed was intended to become effective only on the happening of a contingency is either to say that the act of the parties was ineffectual for any purpose, or is to qualify the grant. It is plain that the parties did not intend to participate in an idle ceremony but rather to make mutual deliveries, effective from the moment of the act. While there is some confusion in the cases, we understand the general rule in this country to be that if a deed absolute on its face be delivered to the grantee, it becomes presently operative, freed from any condition not expressed in the instrument itself, and vests title in the grantee though the parties may not so intend. Braman v. Bingham, 26 N.Y. 483, 492. In Whitney v. Dewey, 10 Idaho 633, 80 P. 1117, at page 1121, 69 L.R.A. 572, there is a review of the authorities and an interesting discussion of the scope and purpose of the principle. The rule which we have stated was the rule at common law. It has, it is true, been departed from at times in the cases and has been criticized by modern text writers. Whether it is fully accepted in Arizona we are not able to determine. That state has adopted the common law as a rule of decision for its courts, where suited to its conditions and not repugnant to its laws. Section 3043, 1928 Revised Code of Arizona. Decisions of the Arizona Supreme Court in Hutton v. Cramer, 10 Ariz. 110, 85 P. 483, 103 P. 497, Pass v. Stephens, 22 Ariz. 461, 198 P. 712, and Shornick v. Shornick, 25 Ariz. 563, 220 P. 397, 401, 31 A.L.R. 159, indicate the attitude of that court, on the general subject to be in conformity with the traditional doctrine.

The deed from Julia recites a consideration, Wright v. Young, 20 Ariz. 46, 176 P. 583; Collins v. Collins, 46 Ariz. 485, 52 P.2d 1169, and if actual consideration need be shown it is found in the fact that the mother simultaneously made a deed to the daughter of other property.

From the averments it is made to appear that after her return from Germany Julia Mosher grew to majority, married, and took up her residence at a distant place. The instrument in question remained in the safety deposit box at Phœnix under the dominion of the grantee. The minor was free to disaffirm the transaction, but disaffirmance is not effectively pleaded. The fact that Julia made a mortgage of the property, at the request and for the accommodation of her mother, does not in itself constitute a disaffirmance. The title of record stood in Julia's name, and the execution of a mortgage by her for the benefit of the mother is entirely consistent with continued ownership of the property in the latter. Moreover, there is nothing in the petition to indicate that the claimed act of repudiation took place within the statutory period after the attainment of majority. Appellees assert, and appellant does not claim otherwise, that the period limited for disaffirmance is four years. Section 2063, 1928 Revised Code of Arizona.

The general allegation of adverse possession by appellant is made futile by the further averment that the real estate in question is vacant and unimproved and not fenced or enclosed. To constitute adverse possession under section 2055, 1928 Revised Code of Arizona, there must be "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Costello v. Muheim, 9 Ariz. 422, 84 P. 906; Spillsbury v. School Dist. No. 19 of Maricopa County, 37 Ariz. 43, 288 P. 1027. No acts of actual and visible appropriation are alleged. Nor is the allegation that Hattie L. Mosher paid the taxes on the property, for and in the names of appellant and her mother, effective as indicating a claim adverse to Hattie. Such practice, the record title remaining where it was in 1909, is not inconsistent with Hattie's ownership.

Turning to the other branch of the inquiry, there is nothing to indicate that the appellees had knowledge of any infirmity in the conveyance from Julia Mosher to Hattie L. Mosher, other than the fact that the deed had not been recorded and that

802

the title of record had remained in the grantor. As between the parties thereto and their heirs a deed is valid although not recorded. Section 969, 1928 Revised Code of Arizona. The facts said to have been known to appellees are consistent with the full beneficial ownership of the property in their mortgagor. There is no averment that upon the sale under foreclosure consideration was not paid by the purchasers, over and beyond the satisfaction of the mortgage debt; nor is it made to appear that the property covered by the original mortgage was resorted to on the sale. For aught that appears in the pleading the appellees were purchasers for value at the foreclosure sale, whatever may have been their status at the time the mortgage was taken.

There is no equity in the bill. Looked at in the light of the factual background, the general averments of ownership, possession, and lack of "effectual" delivery are seen to be but barren deductions of the pleader.

The judgment is affirmed.