Kimball, J.
In this action in ejectment, the jury found in favor of the plaintiff. The premises consisted of an acre of land, more or less, which was included in the description of farm premises conveyed to the plaintiffs in 1936. The plaintiffs ’ deed contained no exception or reservation of the said acre which had been used for school purposes since about 1870. The plaintiffs and their predecessors in title, since 1909, had not been in possession of the school site and had exercised no dominion over this property. The plaintiffs’ case rested upon their record title solely. The defendant [appellant] claimed adverse possession. He purchased the school site from the school district in 1947 and went into immediate possession. The uncontradicted and uncontroverted evidence establishes the fact that in 1909 one Osburn, the common grantor, entered into an arrangement with the school district to sell to it the said acre on which the school was located; that the land so purchased was used exclusively by the school district thereafter until sold to the defendant; that the premises were enclosed by a fence and that the school district paid Osburn therefor the sum of $106, being purchase price and interest. The record discloses no deed from Osburn to the school district. Whatever may have been the situation before 1909, the evidence is conclusive that from that time, the school district held the school site adversely and every element of adverse possession was amply established by the defendant. (Belotti v. Bickhardt, 228 N. Y. 296.) The presumption of possession in favor of the plaintiffs by reason of their legal title and that the defendant and his predecessors occupied the premises under and in subordination to the legal title was wholly met and overcome by the defendant. (Civ. Prac. Act, § 35.) We do not agree with the respondents’ contention that a school district may not acquire or perfect title by adverse possession. This point was not properly raised either before or upon the trial but even if it had been, it would not have availed the plaintiffs. We do not think that section 404 of the Education Law prevents a school district from acquiring title or perfecting title to its property by adverse possession under the circumstances here presented. (See 2 C. J. S., Adverse Possession, § 6, p. 519; Lee v. County School Bd., 146 Va. 804; Spillsbury v. School Dist. No. 19 of Maricopa Co., 37 Ariz. 43, and Maryland v. West Virginia, 217 U. S. 577.) *643 The trial court erred in refusing to permit the defendant to prove the authorization of the commissioner to sell the property and in refusing to receive in evidence the record of the school trustees relating to the transaction between Osburn and the school district in 1909. (See Civ. Prac. Act, § 374-a, and Harrison v. New York Central R. R. Co., 255 App. Div. 183.) Such error would require a reversal in any event. Even without such evidence, we feel that adverse possession was clearly established and that the defendants’ motion at the close of the case should have been granted.
The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.
All concur. Present — Taylor, P. J., Me Curst, Love, Vaughan and Kimball, JJ.
Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.