427 P.2d 138

**PHOENIX JEWISH COMMUNITY COUNCIL, an Arizona corporation, Appellant,**

v.

**Egripina G. LEON and John Leon, her husband, Appellees.**

**No. 8059.**

Supreme Court of Arizona.

In Division.

April 19, 1967.

**188**

A. Alexander Katz, Kenneth L. Abrams, Phoenix, for appellant.

Gibson & Gibson, by Franklin K. Gibson, Phoenix, for appellees.

McFARLAND, Vice Chief Justice.

This is an appeal from the judgment of the Maricopa County Superior Court granting summary judgment in favor of Egripina G. Leon, herinafter referred to as Mrs. Leon, and against the Phoenix Jewish Community Council, hereinafter referred to as the Council. In 1961, the Council brought an action of forcible entry and detainer against Mrs. Leon, asking for restitution of certain property located near Baseline Road in Maricopa County. She then brought a separate action against the Council to quiet title to the same property, basing her claim on the ground of adverse possession. The actions were consolidated, and both parties moved for summary judgment. Judgment was granted in favor of Mrs. Leon, and the Council has brought its appeal to this court.

From the pleadings, depositions and supporting affidavits, the following facts appear:

On July 4, 1936, Mrs. Leon moved onto the subject property. She has remained there from that time until the filing of this suit and has erected a small house and chicken coop. A few futile attempts were made to cultivate the land, but failed for lack of water. The land was fenced at the time of her entry, but the fence fell into a state of disrepair and was not rebuilt until recently. She was not disturbed in her possession of the land until 1955 when Maurice D. Brown, a predecessor in record title to the Council, asked her to sign a disclaimer of interest in the property. She refused to sign the paper, and her deposition discloses that it was not clear to her who was asking her to sign. The El Paso Natural Gas Co. put a line through the property without protest from Mrs. Leon. She thought however, that the government put the line in. She never paid the taxes on the property.

Mrs. Leon does not speak or understand the English language to any great extent. Nor may she be considered as experienced in business or real estate matters. She once owned a lot in Guadalupe, Arizona, and paid taxes on it, but although entitled to a widow's exemption, she never filed for it.

Mrs. Leon testified in her deposition that she bought the property under an oral contract of sale with one P. F. Sundy for $20 down payment and a balance of $180 to be paid later. Sunday was to pay the taxes until he received the balance of the money and gave her the title papers. On being asked by opposing counsel if Sundy had given her a writing of some kind, she said that he had. The writing was produced and it proved to be as follows:

"Tempe, Ariz. July 4th 1936
Received from Agripina Leon, the sum of twenty dollars ($20) for House trailer tent and all lumber on lot # 14 Beverly Hills. And the writer has given said Agripina Leon permission to live on said property until notified the writer.

P. F. Sundy, (owner)"

Shortly after executing the foregoing instrument, Sundy left on his trip to Oklahoma, and as far as the parties in the case at bar are concerned, he was never heard from again. Sundy never paid the taxes on the property, and it was sold for taxes to the Council's predecessor in interest, a tax deed being issued in March of 1948.

The Council contends that "the court erred in its application of the law to

the facts," and that the court erred in granting summary judgment for Mrs. Leon for the reason that there existed a genuine issue of material fact. It is axiomatic that summary judgment may only be granted in absence of a material issue of fact, and should we find that such existed, we must reverse the judgment of the lower court. Rule 56(c) Arizona Rules of Civil Procedure, 16 A.R.S.; e. g., Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317. The Council contends there is an issue arising from the record in regard to the manner of Mrs. Leon's entry into possession and the claim of right under which she is holding. The Council argues that she entered as a tenant at will under the written memorandum and therefore she must be presumed to have continued to remain as such. In contravention, Mrs. Leon argues in her brief that the manner of her entry is not a material fact, due to the intervening tax sale and the fact that she claims title under an oral contract of sale.

The Council cites several cases in support of its argument that possesssion originally non-hostile in nature retains this character and cannot subsequently become hostile in the absence of a disclaimer brought home to the owner. Chief among these is Spillsbury et al. v. School Dist. No. 19, 37 Ariz. 43, 288 P. 1027, wherein we said:

"* * * It is contended by defendants, however, that the original occupancy of the premises was under a conditional oral permit from the original owner, and that under such circumstances adverse possession does not begin to run against the true owner, unless there is a positive disclaimer and disavowal of the owner's title, and the assertion by the occupant of a title in hostility thereto, notice of which is brought home to the landowner. This is undoubtedly true as a matter of law. * * *" 37 Ariz. at 47, 288 P. at 1029

■ We do not feel the rule expressed in Spillsbury et al. v. School Dist. No. 19, supra, to be controlling in the case at bar. In the instant case, there is the added factor of the intervening tax sale and treasurer's deed, which absolves any element of privity and breaks the chain of record title. It is settled in this state that the statutory procedure to foreclose a tax lien is one in rem and not in personam. Santos v. Simon, 60 Ariz. 426, 138 P.2d 896; Home Owner's Loan Corp. v. City of Phoenix, 51 Ariz. 455, 77 P.2d 818. In Allied American Investment Co. v. Pettit, 65 Ariz. 283, 179 P. 2d 437, we said:

"* * * We are in accord with the holding in these cases to the effect that a valid sale for taxes clothes the grantee with a new and complete title under an independent grant from the sovereign [citations omitted] free of any prescriptive title (Santos case), and all other liens and encumbrances upon the property, except liens and encumbrances held by the state. * * *" 65 Ariz. at 286, 179 P.2d at 438

In the instant case there is no reason for the requirement of a positive disclaimer made known to the holder of record title. Under these circumstances, there is no danger that the owner would be lulled into a false sense of security, as it would be obvious to him that the possessor could have given up no rights which would have passed to him by virtue of his title.

■ We are then brought to the question of whether the manner of Mrs. Leon's entry raises a material issue of fact in that it vitiates her "claim of right." Possession without some pretense or claim of right is not adverse. Mosher v. Arizona Packing Co., 25 Ariz. 473, 219 P. 232. In an effort to clarify this term, in Lewis v. Farrah, 65 Ariz. 320, 180 P.2d 578, we said:

"Adverse possession is defined by Section 29–107, A.C.A. 1939, [A.R.S. § 12–521] as follows: '* * * an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.' Hence a claimant relying upon this statute must show such open, notorious, continuous, and visible adverse occupation and *use under claim*

*of ownership as would constitute that adverse possession, use, or enjoyment by which either the presumption or the fact of notice and acquiescence upon the part of the title owner would arise to bar his right.* [Citations omitted.]" (Emphasis added.) 65 Ariz. at 322, 180 P.2d at 579

In the instant case, Mrs. Leon entered into possession of Sundy's land on the same day that Sundy executed the memorandum giving her permission to live on the property. In arriving at our determination of Mrs. Leon's claim of right, we must consider the legal effect of this writing, and, as the summary judgment was granted in favor of Mrs. Leon, we must view the facts and inferences arising therefrom in the light most favorable to the opposing party. Elerick v. Rocklin, 102 Ariz. 78, 425 P.2d 103 (March 15, 1967)

The memorandum raises the inference that Mrs. Leon entered the property in 1936 as a tenant, and not adversely to the true owner. The case then turns on the question of whether that inference places in issue Mrs. Leon's evidence of a claim of right.

The other elements of adverse possession have been established and, as previously noted, there was no duty under the circumstances to make a disclaimer to the true owner. Therefore, in order for Mrs. Leon's claim to succeed, she must show by uncontroverted evidence that for a ten-year period during the course of her possession of the property, she maintained a claim of ownership.

Mrs. Leon presented the following evidence in support of her claim. Mrs. Leon testified positively that she had purchased the property from Sundy; that she had made a down payment of $20 and expected to pay the balance of $180 should he ever return. She repeatedly declared, "The land is mine." Mrs. Leon had actual, exclusive, open and notorious possession of the land from 1936 to the date of trial—some twenty-five years. In answer to the Council's interrogatories, she stated, "* * * From a few years after moving on the property till this date, I have always told people that the property was mine." She built a house and chicken coop on the property and put in water and electricity. She planted and cared for trees and put in a lawn and garden, but due to lack of water her attempts at cultivation failed. At various times, she raised cows, chickens, and pigs on the land.

It is immaterial whether she entered as a tenant at will if such tenancy was terminated in time for the statutory period to run. The home was built on the property in 1943, and the electricity was put in about 1946 or 1947. Building a home and putting in water and electricity are not things normally done by a mere tenant at will. The Council claims its title through a tax deed assigned to its predecessor in 1948. No claim under this deed to any rights in the property was ever made known until 1955, when Mrs. Leon was presented with the papers which she refused to sign. The Council then waited another six years before bringing this action. This also is evidence of Mrs. Leon's claim.

The uncontroverted facts clearly show an objective manifestation of a claim of ownership, which claim commenced more than ten years prior to this action. This supports and corroborates her subjective claim that "The land is mine."

We therefore find that it matters not whether she made her initial entry as a tenant or as a purchaser, for the facts clearly show that she maintained all of the elements of adverse possession for more than the statutory period. Thus, no material issue of fact was presented which would preclude the rendition of summary judgment.

The judgment of the trial court is affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.