474 P.2d 804

Lawrence W. STEWART, Danny Lee Stewart, Jerry David Stewart, David Stewart, Kenneth D. Stewart, Appellants,

v.

Gertrude Scarlett WILEY, Individually and as Executrix of the Estate of Edie F. Lance, also known as Edie Frances Stewart, deceased, Evelyn Reed, Abbie Winifred Cobb, Martha Elmirra Meyer, and Florence Fern Westcott, Appellees.

No. 9890.

Supreme Court of Arizona,
In Division.

Sept. 28, 1970.

Eldridge & Benchoff, by Patrick E. Eldridge, Phoenix, for appellants.

Mariscal & Goss, Phoenix, by Don Van Camp, Glendale, and Rudolph Mariscal, Phoenix, for appellees Wiley, Meyer and Westcott.

Stanfield & McCarville, by William A. Stanfield, Eloy, for appellees Reed and Cobb.

HAYS, Justice.

This is a suit to establish an unrecorded deed which has been lost or destroyed. At the close of the plaintiffs' case, the trial judge directed a verdict for the defendants from which this appeal is taken.

After her husband's death, in 1937, Edie Frances Stewart became the sole owner of and had record title to 80 acres of farmland situated near Tolleson, Arizona. On or about May 9, 1965, Edie Frances Stewart died testate, devising ⅚ of this land to her daughters, defendants herein, and ⅙ to the plaintiffs who were the children of her son, Wesley Gilbert Stewart, deceased. The plaintiffs have sought to prove that, in 1940, Edie Frances Stewart executed and delivered to her son, Wesley, a deed conveying the South 40 acres of the subject land. The alleged consideration consisted of Wesley agreeing to discharge the mortgage of $7000.00 on the entire 80 acres, to provide his mother with a home and otherwise support her for the remainder of her life. Wesley died intestate on or about June 1, 1951, and his children claim ownership of the South 40 acres by virtue of the alleged deed and the laws of descent and distribution. This suit was brought against Gertrude Scarlett Wiley, individually and as the executrix of the estate of Edie F. Lance. Edie F. Lance was the former Edie Frances Stewart and she will hereinafter be referred to as Edie Frances Stewart, her married name during the time of the facts in dispute. The other defendants are the sisters of Gertrude Scarlett Wiley and all of the defendants are the daughters of Edie Frances Stewart. Ruth Arrowsmith, the mother of the plaintiffs, was made a counter-defendant by the defendants who counterclaimed against her and the plaintiffs to quiet title to the land which is the subject of this action.

Throughout the trial, testimonial evidence offered by the plaintiffs was objected to on the grounds of hearsay and incompetency of the witnesses to testify to certain matters because of the proscription of A.R.S. § 12–2251 which is known as the

Dead Man's Statute. The trial judge sustained many of these objections and the plaintiffs responded with numerous offers of proof. Ruth Arrowsmith testified that her husband, Wesley Gilbert Stewart, in the presence of his mother, Edie Frances Stewart, showed her an instrument which she recognized as a Quitclaim Deed, the lower part of which was impressed with a seal. However, she further testified that she failed to read any of the writing on the instrument. After objections were made and sustained on the grounds of hearsay and A.R.S. § 12–2251, she stated on an offer of proof that Wesley, in the presence of his mother, told her that his mother had given him a deed to 40 acres because his mother was getting married and "that this way he would be sure of having what was rightfully his."

Hearsay and A.R.S. § 12–2251 objections were also made and sustained when the plaintiffs attempted to read portions of the depositions of the defendants, Evelyn Reed and Abbie Winifred Cobb. By offer of proof, defendant Reed testified that she had heard of the deed, that her mother held the deed, that she understood the agreement to be that her mother would give Wesley the deed to 40 acres if he would work the land and pay off the mortgage and that Wesley told her that he instructed his mother to destroy the deed. By offer of proof, defendant Cobb testified that her mother once told her that she would give Wesley a deed to 40 acres "if he took care of things and paid off the mortgage on the ranch," that her mother told her that she had the deed in her possession and that Wesley instructed her mother to destroy the deed because he did not want the land. Defendant Wiley testified that she never heard of the deed in question prior to the institution of this suit. All but one of the plaintiffs took the stand and from their testimony it is readily apparent that their only knowledge of the deed came from conversations with their mother, Ruth Arrowsmith. Jerry David Stewart did testify that, in 1950, his father, Wesley, told him that he would see that his sons got his half of the ranch. This concluded the plaintiffs' case.

On appeal, it is principally argued that A.R.S. § 12–2251 was not intended to bar the excluded testimony of Ruth Arrowsmith and defendants Cobb and Reed in the circumstances of this case. However, we find it unnecessary to reach this contention because we have concluded that the plaintiffs have failed to meet the burden of proof necessary to establish their title through a missing deed. We further observe from the record that the objections to certain testimony on the grounds of hearsay were meritorious and that the plaintiffs' counsel failed to properly inform the trial judge whether the testimony should have been admitted by virtue of an exception to the hearsay rule. However, we believe that the plaintiffs failed to meet their burden of proof even if we consider the testimony in the offers of proof in addition to the testimony which was admitted into evidence.

■ To survive a motion for a directed verdict, the plaintiffs had the burden of proving the terms, execution, delivery and loss of the deed by *clear and convincing evidence*. Spillsbury v. School District No. 19, 37 Ariz. 43, 288 P. 1027 (1930). We are of the opinion that the plaintiffs' case was much too weak to meet this test. All of the plaintiffs' evidence was testimonial. The only person who claimed to have actually *seen* the deed was Ruth Arrowsmith. Her knowledge was strictly limited to what she recognized as a Quitclaim Deed with a seal affixed. She did not read the instrument and thus was unable to offer any testimony bearing on the property description or execution thereof. The balance of the evidence consisted of testimony of persons whose knowledge of the existence of the alleged deed consisted only of what others had told them. Defendants Cobb and Reed testified that their mother told them that she burned the deed on instructions from her son, Wesley. This contradicts the testimony of Ruth Arrowsmith that the deed was actually

delivered to Wesley. The plaintiffs alleged that Wesley agreed, inter alia, to pay off the mortgage of $7000.00 as a consideration for the alleged deed but plaintiffs failed to offer any evidence whatsoever that this consideration, or any portion thereof, was ever paid.

 We have viewed the evidence in a light most favorable to the plaintiffs but hold that it is insufficient to establish a title through a missing deed.

Judgment of the trial court is affirmed.

STRUCKMEYER, V. C. J., and Mc-FARLAND, J., concur.